IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

**ULYSSES A. BELLAMY,**

    *Petitioner,*

v.

                                        CIVIL ACTION NO. 2:14-24847

**MARVIN C. PLUMLEY, Warden,**
**Huntsville Correctional Center,**

    *Respondent.*

**RESPONDENT'S MOTION TO DISMISS
PETITION AS UNTIMELY FILED AND INCORPORATED
MEMORANDUM OF LAW IN SUPPORT THEREOF**

### I.    INTRODUCTION

Ulysses A. Bellamy (hereinafter "the Petitioner") filed the present federal petition for writ of habeas corpus under 28 U.S.C. § 2254 on August 19, 2014. By order entered September 16, 2014, the Honorable Cheryl A. Eifert, United States Magistrate Judge, directed the Respondent to answer the Petition on or before November 14, 2014.

The Respondent, by counsel, now moves this Court to dismiss the present federal petition on the grounds that it was not filed within the one-year period of limitation imposed by 28 U.S.C. § 2244(d).

## II.     PROCEDURAL HISTORY

A.     PROCEEDINGS IN STATE COURT.

### 1.     The Kanawha County Conviction.

On April 28, 2003, in the Circuit Court of Kanawha County (Crim. Action Nos. 02-F-299 and 03-F-60), the Petitioner pled guilty to, and was convicted of, first degree murder, with the use, presentment and brandishment of a firearm.  Resp't's Ex. 1. Per the plea agreement, the State, in addition to the dismissal of additional charges in return for the binding guilty plea and his cooperation concerning the prosecution of his co-defendants, agreed to the imposition of a life sentence with a finding of mercy.  That sentence would allow the Petitioner to be parole eligible in fifteen years.  The parties agreed that this sentence was appropriate.  *Id*. at 3-4; Resp't's Ex. 2.  Per the sentencing order entered on May 1, 2003, the Petitioner was sentenced to a term of life imprisonment with the recommendation of mercy.  Resp't's Ex. 3.  On or about April 24, 2006, the Petitioner filed a Rule 35 Motion to Reconsider Sentence or Reduction on the grounds that the sentence was unreasonable given his lack of prior criminal offenses, which the court denied on or about May 4, 2006.  Resp't's Ex. 4 and Resp't's Ex. 5.

### 2.     Direct Appeal to The West Virginia Supreme Court of Appeals.

The Petitioner did not seek a direct appeal of his conviction.  Resp't's Ex. 6.

B.     STATE POST-CONVICTION PROCEEDINGS.

### 1.     Habeas Petition in the Circuit Court of Kanawha County.

On or about August 8, 2006, the Petitioner filed a pro se original jurisdiction Petition for Writ of Habeas Corpus, citing six assignments of error related to the alleged ineffective assistance of defense counsel.  Resp't's Ex. 7.  The Circuit Court denied the Petition on May 23,

2

2007.  Resp't's Ex. 8.  The Petitioner appealed the Circuit Court's denial to the West Virginia Supreme Court of Appeals on or about August 9, 2007, and the Supreme Court reversed and remanded the Petition back to the Circuit Court for an omnibus hearing with directions to appoint counsel for the Petitioner.  Resp't's Ex. 9 and Resp't's Ex. 10.  On April 19, 2011, with the assistance of counsel, the Petitioner tendered his Checklist of Grounds for Post-Conviction Habeas Corpus Relief that included nine grounds for relief, but at his omnibus hearing he represented to the court that he wished to only proceed on the following: failure of defense counsel to file a Motion to Withdraw Guilty Plea, and failure of defense counsel to advise the Petitioner of his right to have a presentence report prepared subsequent to his plea of guilty.  Resp't's Ex. 11.  On February 17, 2014, the Circuit Court convened an omnibus hearing, and on September 16, 2014, the Circuit Court denied the Petitioner's writ.  Resp't's Ex. 12 and Resp't's Ex. 13.

    **2.**    **Habeas Appeal to the West Virginia Supreme Court Of Appeals.**

On November 14, 2013, the Petitioner filed his Notice of Appeal of the denial of his state habeas to the West Virginia Supreme Court of Appeals, which he perfected on March 7, 2014.  Resp't's Ex. 14 and Resp't's Ex. 15.  On June 27, 2014, the West Virginia Supreme Court of Appeals entered its Memorandum Decision affirming the circuit court's decision. Resp't's Ex. 16.

**C.**    **PROCEEDINGS IN FEDERAL COURT.**

The Petitioner filed the instant petition for federal habeas relief under 28 U.S.C. § 2254 on August 19, 2014.

### III. MOTION AND ARGUMENT

**A. THE CURRENT PETITION SHOULD BE DISMISSED BECAUSE PETITIONER HAS FAILED TO FILE WITHIN THE APPLICABLE PERIOD OF LIMITATION AS SET FORTH IN § 2244(d).**

The present habeas petition was filed on August 19, 2014, over ten years after his April 28, 2003 conviction on first degree murder charges, and nearly one year and five months after the statute of limitations expired, and thus, it should be dismissed with prejudice because it was not timely filed. As evidenced by both the pleadings filed by the Petitioner and the Procedural History, *supra*, it is clear that the Petitioner has failed to file his present federal petition within the one-year period of limitation mandated by 28 U.S.C. § 2244(d).

**1. The AEDPA's Period of Limitation for Filing Federal Habeas Corpus Petitions.**

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), effective April 24, 1996, provides in pertinent part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 2. Application of the AEDPA's Period of Limitation to Petitioner's Claims.

The Petitioner's present federal habeas petition was filed on August 19, 2014, and is consequently subject to the period of limitation contained in the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that provisions of AEDPA amending 28 U.S.C. § 2254 govern habeas petitions filed after April 24, 1996); *accord*, *Breard v. Pruett*, 134 F.3d 615 (4th Cir.), *cert. denied*, 523 U.S. 371(1998).

Section 2244(d)(1) requires a court to measure the one-year period of limitation from the latest date established in Sections 2244(d)(1)(A) through (D). Petitioner does not claim that a new United States Supreme Court case retroactively applies to his petition; that he was prevented from filing this petition by government action; nor that the factual predicate of his claim was recently discovered; therefore, §§ 2244 (d)(1)(B), (C), and (D) are inapplicable to the present federal petition. Therefore, the only determination to be made is whether or not the Petitioner has filed his federal habeas petition within one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," § 2244(d)(1)(A), subject to the tolling provisions of 28 U.S.C. § 2244(d)(2).

5

To calculate whether Petitioner has timely filed his petition, the first important date to determine is that of the final judgment, by the conclusion of direct review or the *expiration of the time for seeking such review*. 28 U.S.C. § 2244(d)(1)(A) (emphasis added). The Petitioner did not file a direct appeal of his conviction, and therefore, the date of his judgment stands as April 28, 2003, from which he had four months to perfect his appeal in the West Virginia Supreme Court of Appeals, and 90 days from that date, November 26, 2003, to appeal to the U. S. Supreme Court.

### 3. Application of the Tolling Provision to Petitioner's Claims.

The one-year limitation period began to run on November 26, 2003. *See* Fed. R. Civ. P. 6(a) ("In computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included."); *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000) (applying Rule 6(a) to computation of one-year limitation period under AEDPA). In the present case there exists no tolling event which occurred prior to the expiration of the statute of limitations, see infra. Therefore, the last date on which the Petitioner could have filed a timely federal habeas corpus petition under the statute was November 25, 2004. (*Id.*)

Also, 28 U.S.C. § 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As previously stated, the Petitioner's one-year limitation period began to run on November 26, 2003, and ran continuously and uninterrupted until it expired one year later on

November 25, 2004. No event occurred which tolled the one-year limitations period during this timeframe.[1] The present federal petition was filed on August 19, 2014, nearly 10 years after the last date on which the Petitioner could file within the one-year limitation period.

Accordingly, the present § 2254 petition should be dismissed with prejudice for failure to file within the limitation period prescribed by 28 U.S.C. § 2244(d)(1).

### IV.  STATEMENT REGARDING EXHAUSTION

Because the present federal petition is clearly untimely, Respondent has not undertaken to determine whether the Petitioner has exhausted his state remedies with respect to any of the claims asserted therein, as required by 28 U.S.C. § 2254(b). Respondent reserves the right to specifically address the issue of exhaustion, should this Court determine that the present petition was timely filed.

### V.  GENERAL DENIAL

The Respondent denies generally that any violation of the Petitioner's rights has occurred. Should this Court determine that this matter is not ripe for summary adjudication, Respondent reserves the right to present further evidence and argument in opposition to the Petitioner's claims at such time and place as the Court may direct.

---

[1] The Petitioner filed a Motion to Reconsider Sentence or Reduction, which could have served to toll the statute of limitation. *See Johnson v. Plumley*, 2014 WL 3735856 (N.D.W.Va. 2014), *citing Wall v. Kholi*, _ U.S. _, 131 S. Ct. 1278, 1287 (2011). However, this motion was not filed until April 24, 2006, which is nearly one year and five months after the statute of limitation on his Federal habeas petition had expired. The Petitioner also waited until after the federal statute of limitations had expired to file his state habeas petition, having waited until August 6, 2006.

## VI. CONCLUSION

For the aforesaid reasons, the Respondent respectfully moves this Court to dismiss the present petition with prejudice as untimely filed pursuant to 28 U.S.C. § 2244(d).

    Respectfully submitted,

    MARVIN C. PLUMLEY, WARDEN,
    Huttonsville Correctional Center,

    *Respondent,*

    By Counsel,

PATRICK MORRISEY
ATTORNEY GENERAL

/s/ Julie A. Warren_____
JULIE A. WARREN
ASSISTANT ATTORNEY GENERAL
W. Va. Bar No. 9789
812 Quarrier Street, 6th Floor
Charleston, WV 25301
Telephone: (304) 558-5830
Facsimile: (304) 558-5833
Email: julie.a.warren@wvago.gov
*Counsel for Respondent*

## CERTIFICATE OF SERVICE

I, Julie A. Warren, do hereby certify that on October 28, 2014, I electronically filed the foregoing "***Motion to Dismiss Petition as Untimely Filed and Incorporated Memorandum of Law in Support Thereof***" with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, the aforesaid document(s) to the following non-CM/ECF participant:

>Ulysses A. Bellamy
>#34772
>Huttonsville Correctional Center
>P.O. Box 1
>Huttonsville, WV 26273

>/s/ Julie A. Warren
>JULIE A. WARREN

# **INDEX OF EXHIBITS**

Exhibit 1............................................................................................... Guilty Plea (April 10, 2003)

Exhibit 2.........................................................................................Plea Agreement (April 10, 2003)

Exhibit 3...................................................................................... Sentencing Order (May 1, 2003)

Exhibit 4...................................Motion to Reconsider Sentence or for Reduction (April 26, 2006)

Exhibit 5..................................................................................... Dismissal Order (May 4, 2006)

Exhibit 6...............................................................................................Docket Sheets (03-F-60)

Exhibit 7....................................................... Petition for Writ of Habeas Corpus (August 8, 2006)

Exhibit 8..........................................................................Order Denying Petition (May 23, 2007)

Exhibit 9..................................................................... Appeal of Denial Order (August 9, 2007)

Exhibit 10.......................................................................................WVSC Order (March 4, 2008)

Exhibit 11....................................................... Habeas Corpus Notification Form (April 19, 2011)

Exhibit 12......................................................... Omnibus Hearing Transcript (February 17, 2014)

Exhibit 13.............................................................. Order Denying Petition (September 16, 2013)

Exhibit 14....................................................................... Notice of Appeal (November 14, 2013)

Exhibit 15................................................................................Petitioner's Brief (March 7, 2014)

Exhibit 16........................................................... WVSC Memorandum Decision (June 27, 2014)