IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ULYSSES A. BELLAMY,**

    **Petitioner,**

v.                                                                          Case No.: 2:14-cv-24847

**MARVIN C. PLUMLEY,**
**Warden, Huntsville Correctional Center,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the court are Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 2), and Respondent's Motion to Dismiss Petition as Untimely, (ECF No. 8). This case is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

The undersigned notes that the record before the court is well-developed and provides a sufficient basis upon which to resolve this matter without need for an evidentiary hearing. *See* Rule 8, Rules Governing Section 2254 Cases. Having thoroughly reviewed and considered the record, the undersigned **FINDS** that Petitioner's § 2254 petition is untimely under the one-year statute of limitations provided in the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

1

Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss Petition as Untimely, **DENY** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and **DISMISS** this case from the docket of the court.

I. <u>Relevant Procedural and Factual History</u>

On April 28, 2003, Petitioner Ulysses A. Bellamy ("Bellamy") pled guilty in the Circuit Court of Kanawha County, West Virginia to one count of first-degree murder with the use, presentment, and brandishing of a firearm.[1] (ECF No. 8-1 at 10). In statements to police prior to his plea hearing, and again at his plea hearing, Bellamy admitted to using a gun to kill the victim. (*Id.* at 96, 160). Pursuant to a written plea agreement signed by Bellamy on April 10, 2003, he acknowledged his understanding that in exchange for his guilty plea to the first-degree murder charge, an additional charge of kidnapping would be dismissed by the prosecution, and the circuit court would impose a life sentence with mercy, meaning that he would be eligible for parole after fifteen years' imprisonment. (*Id.* at 7-8).

On April 29, 2003, one day after the plea hearing but before the sentencing order was entered, assistant prosecutor, Robert Schulenberg, sent a letter by hand-delivery to Bellamy's counsel, Ms. Barbara Brown, notifying her of potentially exculpatory evidence that had come to light after the plea hearing. (*Id.* at 77-78). Specifically, Schulenberg wrote that after the hearing he learned of a statement given by a jailhouse informant to a Kanawha County Sheriff's Deputy in which the informant reported that one of Bellamy's co-defendants admitted to "pull[ing] the trigger" and

---

[1] In his petition, Bellamy asserts that he pled guilty to kidnapping. (ECF No. 2 at 2). However, the written plea agreement signed by Bellamy and the sentencing order do not support that assertion. (ECF No. 8-1 at 7-8, 10-11).

shooting the victim. (*Id.* at 77, 79). Schulenberg provided Ms. Brown with the relevant portion of the informant's transcribed statement, noting that although he did not believe the statement and still felt that Bellamy was the person who shot the victim, he was delivering the information "pursuant to [his] constitutional duty to disclose impeachment or exculpatory evidence." (*Id.* at 77-83). Schulenberg also stated in the letter that he was filing a copy of the letter and the transcript with the Kanawha County Circuit Clerk. (*Id.* at 78).

According to Ms. Brown, the day after she received the letter and transcript from Schulenberg, she met with Bellamy at the South Central Regional Jail and advised him of its contents. (*Id.* at 99-100). She also informed Bellamy that he could withdraw his plea or "stay with the plea." (*Id.* at 101). According to Ms. Brown, Bellamy decided to continue with the plea agreement and guilty plea. (*Id.*) However, Bellamy denies Ms. Brown's account and maintains that Ms. Brown never told him about his co-defendant's admission. (*Id.* at 97). On May 2, 2003, the circuit court entered an order sentencing Bellamy to a term of life imprisonment with mercy. (*Id.* at 10-11).

Bellamy did not directly appeal his conviction and sentence to the Supreme Court of Appeals of West Virginia ("WVSCA"). (ECF No. 2 at 2-3). Instead, his first post-conviction filing was a Motion to Reconsider Sentence or for Reduction, which he filed in the Circuit Court of Kanawha County on April 26, 2006. (ECF No. 8-1 at 14-16). Bellamy argued that his sentence amounted to cruel and unusual punishment in light of his young age (nineteen) at the time of its imposition. (*Id.*). The circuit court denied the motion as untimely on May 4, 2006. (*Id.* at 18).

Shortly thereafter, on August 8, 2006, Bellamy filed a *pro se* petition for a writ of habeas corpus in the Circuit Court of Kanawha County. (*Id.* at 23). Without holding

an evidentiary hearing, the circuit court denied the petition on May 23, 2007. (*Id.* at 58-59). Bellamy appealed the circuit court's order on August 9, 2007. (*Id.* at 61). The WVSCA reversed the circuit court's decision and remanded the petition to circuit court on March 5, 2008, with instructions to the court to appoint counsel and conduct an evidentiary hearing. (*Id.* at 87).

On April 19, 2011, with the assistance of counsel, Bellamy filed a *Losh* checklist with the circuit court.² (*Id.* at 89). On February 17, 2012, the circuit court held an evidentiary hearing on Bellamy's state habeas petition.³ (*Id.* at 96). On September 16, 2013, the circuit court entered an order denying the petition. (*Id.* at 115). Two months later, Bellamy appealed that order to the WVSCA. (*Id.* at 117-18). On June 27, 2014, the WVSCA affirmed the circuit court's decision denying state habeas relief in a memorandum decision. (*Id.* at 160).

Bellamy filed a § 2254 petition in this Court on August 19, 2014, more than eleven years after entry of the order sentencing him to life imprisonment. (ECF No. 2 at 1). In his petition, Bellamy raises two grounds that entitle him to habeas relief. First, he claims ineffective assistance of counsel based on Ms. Brown's failure to tell him about the jailhouse informant's statement implicating his co-defendant. (ECF No. 2 at 5). Second, Bellamy asserts he received ineffective assistance of counsel when Ms. Brown failed to request a pre-trial sentence report, which would have made alternate sentencing available to him. (*Id.* at 7). On September 15, 2014, the undersigned ordered Respondent to answer the petition. (ECF No. 6). On October 28, 2014,

---

² A *Losh* checklist is a list of all alleged trial errors that is filed by a petitioner in a state habeas proceeding. *See Losh v. McKenzie*, 277 S.E.2d 606 (1981).

³ The evidentiary hearing transcript mistakenly lists the date of the hearing as February 17, 2014. (ECF No. 8-1 at 96). According to the circuit court, the hearing occurred on February 17, 2012. (*Id.* at 109).

4

Respondent filed an answer, (ECF No. 7), and a motion to dismiss, (ECF No. 8). On October 29, 2014, the undersigned entered an order permitting Bellamy 60 days to respond to Respondent's motion to dismiss. (ECF No. 9). On December 30, 2014, Bellamy requested an extension of time to file his response, (ECF No. 10), and on January 5, 2015, the undersigned granted Bellamy's request and allowed him until February 13, 2015 to file a response, (ECF No. 11). To date, Bellamy has not filed a response to Respondent's motion to dismiss.

## II. Standard of Review

Respondent filed a motion to dismiss ostensibly under Federal Rule of Civil Procedure 12(b)(6), based on Bellamy's failure to timely file his petition. (ECF No. 8). Because Respondent filed an answer concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Walker v. Kelly*, 589 F.3d at 139. However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in section 2254 actions. *Id.* at 138-39.

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nevertheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v.*

*Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a section 2254 case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.*

## III. Discussion

The AEDPA contains a one-year statute of limitations within which a state prisoner may file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Section 2244(d)(2) clarifies that the running of the one-year period is suspended for any time that a "properly filed" state post-conviction proceeding "is pending." *Id.* § 2244(d)(2). The Fourth Circuit has construed a state post-conviction proceeding to include all state court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). Upon final disposition of the state post-conviction proceeding, "the running of the §

6

2244(d) one-year period resumes." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In other words, the one-year period begins at the conclusion of direct review, but is statutorily tolled if collateral proceedings are initiated in state court. Once collateral state court proceedings conclude, the limitation period begins to run again from the point at which it was tolled by initiation of the collateral proceedings.

In this case, Bellamy does not claim that an impediment created by State action prevented him from filing a § 2254 petition, or that a newly recognized constitutional right retroactively applies to his habeas claims. Accordingly, neither § 2244(d)(1)(B), nor § 2244(d)(1)(C) are relevant to the timeliness issue. Bellamy does allege that he was not aware of the exculpatory evidence provided to his attorney, Barbara Brown, during the time allowed for a direct appeal to the WVSCA, thus raising the possibility that he may argue "newly discovered evidence" and the application of § 2244(d)(1)(D). (ECF No. 2 at 3, 5-6). Bellamy does not specify in his § 2254 petition exactly when he learned of the jailhouse informant's statement about his co-defendant's alleged admission, but Bellamy testified at the state habeas evidentiary hearing that he learned of the statement sometime before he filed his state habeas corpus petition in August 2006. (ECF No. 8-1 at 97). As the state petition tolled the limitations period until the adverse judgment became final, if Bellamy did not learn of the statement until shortly before filing the state petition, ground one of Bellamy's federal petition[4] is arguably timely, *unless* the factual predicate of the ground could have been discovered earlier through the exercise of reasonable diligence.

---

[4] Bellamy does not claim that ground two of the § 2254 petition was based on newly discovered evidence. To the contrary, the record indicates that Bellamy and his counsel had an off-the-record discussion at the plea hearing that resulted in his counsel waiving Bellamy's right to a pre-sentence report. (ECF 8-1 at 101).

7

The flaw in this argument, however, is that Ms. Brown testified at the evidentiary hearing on the state habeas petition that she met with Bellamy shortly after receiving news of the jailhouse informant's statement and explained Bellamy's options in light of the exculpatory evidence. The circuit court found this testimony to be credible, particularly given Ms. Brown's contemporaneous memorandum documenting the meeting with Bellamy, which she retrieved from her file and presented as evidence at the hearing. (ECF No. 8-1 at 128). The WVSCA declined to disturb the circuit court's factual finding on the issue, (*id.* at 163), and Bellamy has not presented clear and convincing evidence to override the presumption of correctness to which the state court's factual finding is entitled in this court. 28 U.S.C.A. § 2254(e)(1). Accordingly, the factual predicate for Bellamy's claim was discoverable much earlier than he argues.[5]

Because the factual predicate for ground one of Bellamy's petition was known to him, or could have been discovered by him using due diligence, prior to the date that the circuit court entered its sentencing order on May 2, 2003, § 2244(d)(1)(A) applies to his entire petition. Consequently, the limitations period for Bellamy's § 2254 petition began running "on the date on which the judgment became final by the

---

[5] Furthermore, it goes without saying that Bellamy also should have known at the time that he pled guilty that he was not the one who shot the victim. *Cf. Arredondo v. United States*, 178 F.3d 778, 782 n.3 (6th Cir. 1999) (noting that movant's "improved memory" was not newly discovered evidence); *United States v. Seiser*, 112 F.3d 507, 1996 WL 606603, at *2 (2d Cir. Oct. 23, 1996) (unpublished table decision) (finding that evidence known to petitioner at time of sentencing and direct appeal could not constitute new evidence); *Goldman v. Keller*, No. 1:11CV258, 2012 WL 2904577 (M.D.N.C. July 16, 2012) (report and recommendation stating evidence known to petitioner at time of guilty plea was not new); *Sawyer v. United States*, No. 2:09-cv-634, 2011 WL 127144, at n.3 (E.D.Va. Jan. 13, 2011) (recognizing that evidence known to movant at time of guilty plea was not newly discovered evidence). Moreover, with due diligence, Bellamy could have obtained his co-defendant's statement as early as April 29, 2003, when the assistant prosecutor filed his letter to Ms. Brown and the statement with the circuit clerk's office.

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Absent an extension for good cause, Rule 5 of the West Virginia Rules of Appellate Procedure allows a petitioner four months from the date on which a circuit court's order is entered in the clerk's office to perfect an appeal of the order to the WVSCA. *See also, Macri v. Ballard*, No. 5:14CV11, 2015 WL 892957, at *9 (N.D.W.Va. Mar. 2, 2015). Because Bellamy did not file a direct appeal, one day after that four-month period had expired,[6] on September 3, 2003, Bellamy's judgment became final, and the AEDPA's statute of limitations began to run.[7] The next proceeding initiated by Bellamy challenging his conviction or sentence did not occur until he filed a Motion to Reconsider Sentence or for Reduction, on April 26, 2006, which was denied by the circuit court as untimely. (ECF No. 8-1 at 14-16, 18). While a motion to reduce sentence may toll the AEDPA's statute of limitations from running, an untimely motion does not since it is not "properly filed" within the meaning of § 2244(d)(2). *See Wall v. Kholi*, 562 U.S. 545, 131 S.Ct. 1278, 1281-82, 179 L.Ed.2d 252 (2011) (holding motion to reduce sentence may toll AEDPA's statute of limitations); *Pace v. DiGuglielmo*, 544 U.S. 408, 414-17, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (recognizing that untimely state postconviction petition does not toll AEDPA's statute of limitations). In any event, it matters little whether Bellamy's motion to reduce sentence tolled the statute of limitations as it was filed over one year and seven months

---

[6] Under Federal Rule of Civil Procedure 6(a), the one-year limitation period commences the day after the event triggering the period. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

[7] Because he did not appeal his conviction and sentence to the WVSCA, Bellamy is not entitled to the 90-day credit within which he could have sought a writ of certiorari from the United States Supreme Court after the WVSCA's decision. *See Parmley v. Norris*, 586 F.3d 1066, 1073 (8th Cir. 2009); *Harris v. Riley*, NO. 0:14-187-MGL, 2015 WL 403202, at *5 n.7 (D.S.C. Jan. 30, 2015); *Daniel v. Trani*, No. 11-cv-03093-BNB, 2012 WL 1857593, at *3 (D. Colo. May 22, 2012); Sup. Ct. R. 13(1). Nonetheless, Bellamy's petition would be untimely even after extending the running of the statute of limitations an additional 90 days.

9

***after*** the AEDPA's statute of limitations expired for Bellamy's § 2254 petition on September 3, 2004. Additionally, Bellamy did not file his *pro se* state habeas petition until August 8, 2006. (ECF No. 8-1 at 23). That filing was well after the AEDPA's one-year statute of limitations had lapsed for his claims. Accordingly, the undersigned **FINDS** that Bellamy's § 2254 petition is untimely because it was not filed until August 19, 2014, and the AEDPA's statute of limitations had expired for Bellamy's claims on September 3, 2004. (ECF No. 2 at 1).

## IV.    Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows**:**

1. Bellamy's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 2), be **DENIED** and **DISMISSED, with prejudice**; and

2. Respondent's Motion to Dismiss, (ECF No. 8), be **GRANTED**.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Goodwin and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Bellamy, Respondent, and counsel of record.

**FILED:** April 7, 2015

_____
Cheryl A. Eifert
United States Magistrate Judge